Desmond, J.
The People appeal here by permission.
Defendant after a long trial was convicted on nine counts of an indictment but the Appellate Division reversed by a divided vote. In substance, the first three of the counts on which defendant was convicted charged an insurance fraud by defendant in connection with the burning of the contents of a motor truck near Harrisburg, Pennsylvania. The other six counts (numbered 4 to 9) charged another insurance fraud in connection with collecting for alleged water damage caused by a fire in a Eochester building on September 4, 1954, 11 days after the truck fire referred to in the first three counts. The prosecution’s theory as to the Eochester water damage was that it was not really the result of a fire in another part of the building but was deliberately caused by defendant. There are six counts as to the Eochester loss because on the Eochester risk there were two fire insurance companies. In other words, as to each of the three insurers alleged to have been defrauded by defendant there was in the indictment one count charging violation of subdivision 1 of section 1202 of the Penal Law (false insurance claim), one count under subdivision 2 of section 1202 of the Penal Law (making a false proof of loss), and one count charging grand larceny, first degree, by false representations in violation of sections 1290 and 1294 of the Penal Law.
The Appellate Division, Fourth Department, reversed on the law and facts the conviction as to the first three counts and reversed on the law alone the conviction as to the last six counts, granting a new trial as to all nine counts (see People v. Tomlin, 2 N Y 2d 758). In substance, the majority said as to the first three or Pennsylvania counts that the conviction on those first three counts should be reversed because, according to the majority opinion, the trial court improperly allowed the prosecution to put before the jury a claim and proof not included in the indictment, namely, that not only was the insurance claim false as to quantities and value of merchandise *287 but that the fire itself was incendiary and the fruit of a conspiracy between defendant and one Chartoff. The Appellate Division majority gave about the same reason for reversing the conviction on the other counts (4 to 9) which had to do with the Rochester insurance claim. The Appellate Division majority said that the trial court improperly allowed the jury to consider, in reference to the alleged Rochester false claim and larceny, proof as to alleged incendiarism in the Pennsylvania truck fire. With deference, we say that we do not read the record that way. It is clear to us that the trial court allowed the jury to consider the alleged Pennsylvania incendiarism in connection only with the Pennsylvania counts which are not before us, but did not allow such consideration of that arson proof as to the Rochester counts which are here on appeal.
The dissenting opinion argued that while the indictment (first three counts) as to the Pennsylvania loss alleged only false representations as to the amount and value of the truck cargo burned, nevertheless other false representations were properly proven including the falsity of the representation in the proof of loss as to the cause of the Pennsylvania fire. Therefore, the dissenting Justice wrote, the proof that the Pennsylvania fire was an incendiary one properly came into the case as to the first three (Pennsylvania) counts to show that the Pennsylvania insurance money was obtained by false representations not only as to the amount of the loss but as to the cause of the fire. The dissent offered another reason why this testimony of Pennsylvania incendiarism was admissible. Assuming that as to the alleged false claim and larceny charges the proof of Pennsylvania incendiarism was actually proof of another crime, nevertheless, said the dissent, under the exceptions listed in People v. Molineux (168 N. Y. 264) and under People v. Katz (209 N. Y. 311, 328) the alleged Pennsylvania incendiarism could be proven in connection with the Rochester insurance fraud as a similar and recent offense, in order to prove the intent of the Rochester transaction.
The People were granted leave to appeal here as to the last six counts, conviction on which had been reversed on the law. Such leave could not be granted, of course, as to the reversal on the first three counts since that reversal was on the facts *288 as well as the law. Thus, as the case comes to us, the indictment, proof and verdict as to the first three counts are not before us except indirectly as part of the whole picture. The legality of the last six-counts convictions is directly in issue on this appeal since those convictions were reversed on the law and leave to appeal was granted as to them.
We proceed to a closer examination of the indictment, the exact allegations of which are quite important in view of the two ' errors alleged, that is, the alleged erroneous receipt of evidence, the criticized charge to the jury as to an arson conspiracy and an arson, and another alleged error in the charge as to corroboration of the accomplice. As stated earlier, the first three of the nine counts tried are concerned with a fire insurance claim made by defendant’s (owned or controlled) corporations Leco and Code as a result of a fire near Harrisburg, Pennsylvania, on August 24, 1954, in which truck cargo belonging to defendant’s corporations was destroyed. The first count charges a violation of subdivision 1 of section 1202 of the Penal Law in presenting to the insurer a proof of loss which was false as to the cost and value of the burned merchandise. The second count charges the subscription of a false proof of loss in the same count, a violation of subdivision 2 of section 1202 of the Penal Law, while the third count, still dealing with the Harrisburg fire, charges grand larceny, first degree. This grand larceny count says that defendant larcenously obtained a sum of money from the insurer in connection with the Harrisburg fire by false representations as to the cost and value of the burned merchandise. In his opening to the jury the prosecutor stated that before this cargo left Rochester defendant told a man named Chartoff, driver of the truck, to burn up the cargo en route. At this point in the prosecutor’s opening the defendant moved for a mistrial on the ground that the prosecutor was making a charge of arson not pleaded in the indictment. The County Judge stated that proof of similar crimes not charged in the indictment would he admitted in evidence if shown to be incidental to the charge in the indictment. The County Judge then denied the mistrial motion subject to renewal later. The prosecutor went on in his opening speech to describe the incendiary burning of the truck and contents near Harrisburg by Chartoff. Again the defense objected but the objection was *289 overruled. Before the trial, on the argument of a demurrer, the prosecutor had made it plain that the indictment was not drawn to include an arson charge. It appears that Chartoff’s testimony that the fire was intentionally caused was not obtained until after indictment. At the trial itself, on argument of defense motions, the prosecutor pointed out that the larceny-by-false-pretenses count as to the Harrisburg fire was drawn under section 1290-a of the Penal Law which requires that such a false representation must be alleged but goes on to say that: ‘ ‘ As long as one of the false or fraudulent representations or pretenses alleged be proven, any other related representation or pretense, though not alleged may be given in evidence.” Therefore, the District Attorney argued at the trial and argues now that the inclusion in this indictment as to the Harrisburg incident of one false pretenses count permitted the proof of a false pretense not alleged that the falsity of the allegation in the proof of loss that the cause of fire was “ undetermined ”. We see no escape from this and we agree with the dissent that this constitutes one reason why as to the first three counts it was proper to prove the incendiary cause of the Harrisburg fire to show the falsity of the representation that the cause was “ undetermined ”, that is, unknown to defendant.
Furthermore, the proof that the Harrisburg fire was incendiary came into the case naturally and incidentally to the showing of the general facts and so was admissible even though it proved another and uncharged crime (People v. Thau, 219 N. Y. 39, 42; People v. Buchalter, 289 N. Y. 181, 217).
Having concluded that the proof that defendant arranged the Harrisburg fire was not as matter of law inadmissible at least as to the first three counts which are not before us, we turn now to the real question. That inquiry is as to whether this same testimony about the incendiary character of the Harrisburg fire was in fact admitted as to the Rochester counts and if so whether it was admissible as to them. A related question is as to whether the court properly charged the jury in this connection. The Appellate Division majority said that, as to the last six or Rochester counts, the proof that defendant was the instigator of the Harrisburg fire ‘ ‘ was making proof of the defendant’s guilt of an independent crime ” and that none of the People v. Molineux case (168 N. Y. 264, supra) exceptions *290 applied. In other words, the Appellate Division said that, considering the last six counts separately, the Harrisburg arson proof was clearly inadmissible as to them as being proof of another and unrelated crime. But the testimony was not so received in evidence. A careful check of the record shows that at no time did counsel ask the court to exclude this proof (of Pennsylvania incendiarism) as to the last six or Rochester counts. Since it was properly in the case as to the first three counts, defendant could not in the Appellate Division argue for the first time that it was improperly admitted as to the last six counts. Furthermore, any such point was not saved at the trial. To explain that more clearly: defendant objected to any proof or statement that the defendant was the instigator of the Harrisburg fire but, when that objection was overruled, he never made the further point now urged that it was inadmissible as to the Rochester counts. Since the proof was properly in for another purpose, the defense in order to preserve this point would have to ask the court to exclude it as to the last six counts. That the defense did not do.
We pass now to the alleged errors ascribed by the Appellate Division majority to the court’s charge. We note that whenever in the charge the court mentioned incendiarism he was discussing only the first three, not the last six, counts.
Next, we point out (as did the dissenting opinion) that defendant’s exceptions and requests as to the charge do not mention or refer in any way to those parts of the charge considered erroneous by the Appellate Division majority. In order to raise a question of law as to the charge an exception must be taken (Code of C’rim. Pro., § 420-a). In the absence of any exception the Appellate Division had no power (even assuming the charge was erroneous) to reverse on the law because of defects now said to be found in the charge. Furthermore, it seems that even in his own Appellate Division brief defendant never argued any such errors.
Apart from all that, we see no real or prejudicial errors in the court’s instructions. The Appellate Division majority referred to that part of the charge in which the court told the jury that one of the fraudulent acts charged by the People was that the fire “ was set with the connivance of the defendant.” Of course, if that meant that defendant was directly charged in the indictment with causing the Pennsylvania fire, it was *291 incorrect. But the court had accurately and at great length described all the counts in the indictment. The language criticized by the Appellate Division was a kind of summary of part of the proof relating to the first three counts only. The same is true of language in the charge where the court said that ‘ ‘ you have the still further question as to whether or not the fire was one which was arranged by the defendant ’ and the trial court’s remark that “ Should you reach the conclusion that the defendant participated in the arrangement of the fire, then, of course, your problem would not be too difficult with regard to the others.” But these perhaps unfortunate statements are only part of a long charge. Indeed, the court carefully told the jury that defendant was not to be convicted of one crime because conceivably he had committed another, that the testimony as to the Harrisburg fire had been admitted because (as is surely correct) it was so intertwined with the entire transaction as to become an integral part of it. But, cautioned the trial court, the jury was not to reach a conclusion of guilt merely because the jury believed defendant was involved “in the firing of the truck or the arson of the truck ” in Pennsylvania. He carefully noted that ‘ ‘ there is no charge here before you of arson in connection with the fire in the truck near Harrisburg.” We see no error in any of this and neither did defense counsel at the trial or in the Appellate Division.
At no point in the trial was there any assertion, and the jury could hardly have believed, that there was any connection between the Pennsylvania fire and the later Rochester water damage.
The other error in the charge listed by the Appellate Division was in the court’s instructing the jury as to the rule (Code Grim. Pro., § 399) requiring corroboration of the testimony of an accomplice. The Appellate Division thought this was “ not in the case at all ” and that “ the court must have been under the impression that the defendant was being tried for participation in the burning of the truck.” Of course, the trial court had previously and in several forms of words been at pains to tell the jury that defendant was not being tried for arson. Again, there was no exception or request by the defense as to this accomplice-corroboration instruction to the jury. We make two comments on the matter. First, the *292 requirement of corroboration of an accomplice is ordinarily favorable to a defendant since it puts a greater burden of proof on the People. Second, the accomplice idea was not one wholly foreign to this case. Actually, the truck driver witness Chartoff, who swore that, he set the truck afire on defendant’s instructions, could well have been considered by the jury to have been an accomplice as to the three directly-alleged Harrisburg counts. There was testimony that Chartoff not only set the truck ablaze but aided defendant in working out a deliberately false and exaggerated invoice for the truck cargo when after-wards burned and made the subject of an inflated insurance claim as charged in the first three counts, and also aided in convincing the insurers that the false claim was valid.
From all of this, we conclude that there was no reversible error on this trial, if, indeed, any error at all and that, therefore, the reversal on the law as to the six last counts was itself erroneous. Of course the Appellate Division has broad powers as to reversing this part of the judgment on the facts or in discretion as it did here as to the first three counts.
The order so far as appealed from (counts 4 to 9) should be reversed and the case (as to counts 4 to 9) remitted to the Appellate Division to pass upon questions of fact or discretion (Code Grim. Pro., § 543-b).
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order reversed, etc.