Motion granted and appeal dismissed. Although Appellate Division order recites that its reversal was on the law and that findings of fact were affirmed, the order must be read in conjunc *749 tion with the opinion of that court (Code Crim. Pro., § 543-a; People v. De Courcy, 8 N Y 2d 192, 196; Cohen and Karger, Powers of the New York Court of Appeals, pp. 536, 763-764). Since no exception to the trial court’s charge on self-defense was taken by defense counsel at the trial, no question of law on propriety of charge was presented to Appellate Division (Code Crim. Pro., § 420-a; People v. Rossi, 11 N Y 2d 379; People v. Cohen, 5 N Y 2d 282, 289). The Appellate Division did, however, have power to reverse and order a new trial in the interest of justice, notwithstanding the absence of an exception (Code Crim. Pro., § 527) and the court’s citation to section 527 of the Code of Criminal Procedure reveals that the order below was the result of exercise of such discretion. . Consequently, since the Court of Appeals is unable to say that reversal was on the law alone, it lacks jurisdiction to review the order from which the People appeal (see People v. Rossi, supra; People v. Cohen, supra; People v. Redmond, 225 N. Y. 206; People v. Caverio, 1 N Y 2d 657).