Per Curiam.

This appeal must be dismissed upon the ground that the Appellate Division decision was not made on the law *153 alone (see People v. Rainey, 27 N Y 2d 748, 749; CPL 450.90, subd. 2).
The Appellate Division’s memorandum opinion (37 AD 2d 686) clearly indicates that its order directing a new trial was grounded on the trial court’s failure to charge the jury that they were to limit their consideration of statements used to impeach a witness to the question of credibility. However, inasmuch as there was no exception or a request to charge, no issue of law as to the propriety of the charge was presented to the Appellate Division (People v. Rainey, 27 N Y 2d 748, supra; People v. Rossi, 11 N Y 2d 379, 383; People v. Cohen, 5 N Y 2d 282, 290; CPL 470.05 [formerly Code Crim. Pro., § 420-a]). In addition to ordering a new trial on the law, intermediate appellate courts may order new trials, by an exercise of discretionary power, in the interest of justice (People v. Cohen, 5 N Y 2d 282, 292, supra; CPL 470.15, 470.20; Code Crim. Pro., § 527). Although the resettled order of the Appellate Division recites that its decision was on the law, it incorporates the memorandum of the court which recites that ‘ ‘ the substantial rights of appellant have been affected ” (37 A D 2d 686, 687, supra). In light of that statement, it may not be said that the decision of the court below was on the law alone, this being so, we lack jurisdiction to consider the merits of the appeal (People v. Rainey, 27 N Y 2d 748, 749, supra; People v. Woodruff, 27 N Y 2d 801). It should be observed that the power to look to the opinion for an indication of the complete basis of an intermediate appellate court’s decision is limited to situations where the order of the court states that the decision is on the law alone; where there is a recital as to a factual or discretionary decisional predi-' cote, we do not look beyond the order (People v. Sullivan, 29 NY 2d 937, 938).
Moreover^ the fact that the Appellate Division resettled its order does not foreclose the conclusion that its decision was not on the law alone. It is not inappropriate to note that intermediate appellate courts should not routinely grant motions to resettle orders solely for the purpose of conforming their orders to the jurisdictional requirements of this court. To amend an order to read “on the law alone” where a question of law does not serve as the basis for a decision cannot confer juris *154 diction upon this court. In the case before us, the Appellate Division failed to delete the reference in its opinion to the exercise of its discretionary powers and merely eliminated from its order reference to the facts. Were it not for this, and had the court made its order on the law alone, we would he compelled to reverse and remit to the Appellate Division on the ground that a reversal on the law alone, where there is no question of law, is in and of itself, reversible error (People v. Rossi, 11 N Y 2d 379, 386, supra; People v. Cohen,, 5 N Y 2d 282, 292, supra).
In sum, if an intermediate appellate court renders a decision on the law and the facts, on the law and in the exercise of discretion or on the facts and in the exercise of discretion, it may not properly resettle its order to recite that the determination is on the law alone unless it is prepared to delete from its order and opinion all contrary recitals. It must also be certain that a question of law is the basis of its decision.
Chief Judge Fuld and Judges’ Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Appeal dismissed.