OPINION OF THE COURT
Wachtler, J.
The People appeal from an order of the Appellate Division which dismissed an appeal taken to that court. The Appellate Division held that the People may not appeal to an intermediate appellate court when the trial court, relying on CPL 210.20, dismisses an indictment on the ground that the prosecutor failed to state a prima facie case during his opening statement to the jury.
In 1974 a Kings County Grand Jury returned an indictment charging the defendant with two counts of grand larceny in *247 the second degree for allegedly selling worthless bonds and for defrauding the purchaser of promissory notes worth $1,500. The case came to trial in June of 1976. After a jury had been selected and sworn both sides made opening statements. During the People’s opening the prosecutor read the indictment and briefly commented on the nature of the People’s case and proof. When both sides had completed their opening statements defense counsel moved to dismiss the indictment claiming that the prosecutor had not stated a prima facie case in his opening to the jury. After hearing argument on the motion the court reserved decision and adjourned the case.
The following morning the prosecutor argued that an order dismissing the indictment on this ground may not be appeal-able and the court held an in camera conference off the record. Later, on the record, the court indicated its intention to dismiss the indictment. The court noted however that this was being done under sections of the law which preserved the People’s right to appeal. The court also noted that defense counsel had agreed to stipulate that the defendant would not "avail” himself of the double jeopardy defense if the order dismissing the indictment is reversed on appeal. After defense counsel and the defendant personally entered the stipulation on the record, the court dismissed the indictment. The order states that the indictment was dismissed "for the failure of the People in their opening address to the jury to state a prima facie case and pursuant to CPL Secs. 210.20 (1) (h) and (i)”.
The prosecutor appealed to the Appellate Division apparently relying on CPL 450.20 (subd 1) which permits the People to appeal an order dismissing an indictment when the order is "entered pursuant to section * * * 210.20”. The Appellate Division (57 AD2d, at p 192), however, dismissed the appeal for lack of jurisdiction, after determining that the provisions of CPL 210.20 "which the court cited in its order as the basis for the dismissal of the indictment, are completely inapplicable to the factual situation with which it was presented.” The People now appeal to this court from the order dismissing the appeal.
Initially we note that the Appellate Division’s order is appealable to this court. Although not authorized under prior law (see, e.g., People v Zerillo, 200 NY 443, 445-446) the CPL now expressly provides that a party may appeal "to the court of appeals from an order of an intermediate appellate court *248 dismissing an appeal thereto” when, as here, a Judge of the Court of Appeals has granted leave (CPL 470.60, subd 3; see, also, People v Brown, 40 NY2d 381, 385, n 4). Thus the special statutory and constitutional limitations on the Court of Appeals jurisdiction are not in issue on this appeal. We are concerned solely with the jurisdiction of an intermediate appellate court.
In addition, only questions of statutory construction are presented. Although the Supreme Court dismissed the indictment after the trial had commenced, we are not confronted with a claim that double jeopardy principles preclude the People from retrying the defendant if the indictment is restored (see, e.g., People v Brown, supra). As noted, the defendant expressly waived his right to assert such a claim at the time the motion was granted (cf. Menna v New York, 423 US 61, 62, n 2; see, also, United States v Scott, 437 US 82). The only question then is whether the CPL permits the People to appeal the trial court’s order to an intermediate appellate court.
CPL 450.20 (subd 1) allows the People to appeal as a matter of right to an intermediate appellate court from "[a]n order dismissing an accusatory instrument or a count thereof, entered pursuant to section 170.30, 170.50 or 210.20”. Here, as noted, the trial court’s order dismissing the indictment was expressly predicated on CPL 210.20 and thus, on its face, is appealable under CPL 450.20 (subd 1). This, in our view, was sufficient to confer jurisdiction on the Appellate Division to determine the appeal on the merits.
It may be, as the Appellate Division indicated, that the trial court’s reliance on the statute was misplaced. But it does not follow from this that the People’s appeal should be dismissed. Obviously the Legislature did not intend to grant the People the right to appeal only in those cases where the dismissal was proper or arguably proper. Nor did the Legislature intend that the People should be denied appellate relief when the dismissal of the indictment was unauthorized by the statute relied upon. Thus any inquiry as to whether the trial court’s reliance on CPL 210.20 was proper should be considered on the merits. It should not affect the People’s right to appeal.
That is not to say that an appellate court may never "look through” an order to see whether it is what it purports to be. In certain cases (see, e.g., People v Williams, 31 NY2d 151; People v Rainey, 27 NY2d 748; People v Woodruff, 27 *249 NY2d 801) although the order was facially appealable we have dismissed criminal appeals, when the lower court’s decision indicated that its determination was based on the facts or an exercise of discretion and was therefore beyond the scope of our review which in criminal cases is constitutionally and statutorily limited to questions of law unless the death penalty has been imposed (NY Const, art VI, § 3; CPL 450.90, subd 2; 470.35).
However the jurisdiction of intermediate appellate courts is broader than the jurisdiction of this court. They are not limited to reviewing errors of law, but may also reverse or modify on the facts and in the exercise of discretion (CPL 470.15, 470.20; see, also, People v Williams, supra, at p 153). In criminal cases limitations on the right to appeal to an intermediate appellate court are principally designed to insure only that trial of the case is not interrupted by interlocutory appeals (see Matter of Santangello v People, 38 NY2d 536, 538; see, also, Practice Commentary to CPL 450.50, McKinney’s Cons Laws of NY, Book 11 A, p 389). Thus the defendant may only appeal after conviction (CPL 450.10). The People, however, may appeal prior to conviction if the trial court’s order terminates the prosecution (CPL 450.20, subds 1, 2, but see People v Brown, 40 NY2d 381, supra) or has the same practical effect (CPL 450.20, subd 8). On occasion a civil proceeding is commenced to obtain collateral review of a determination made in a pending criminal matter (CPL 10.10, subd 7; see, e.g., Matter of Cunningham v Nadjari, 39 NY2d 314; Matter of State of New York v King, 36 NY2d 59; Matter of Nigrone v Murtagh, 36 NY2d 421). In those cases, of course, an intermediate appellate court may look beyond the face of the order, and dismiss, to insure that the restrictions on interlocutory appeals in criminal cases are not breached.
An order granting a motion to dismiss an indictment does not present this type of jurisdictional impediment. No matter what the ground for dismissal it finally determines the People’s case unless reversed on appeal. Indeed prior to the Criminal Procedure Law the People were authorized, in general terms, to appeal to an intermediate appellate court from any order dismissing an indictment on any ground other than insufficiency of the evidence at trial (Code Crim Pro, § 518, subd 3). Subject to constitutional double jeopardy restrictions the CPL permits the People to appeal to an intermediate appellate court from an order dismissing an indictment under *250 a variety of circumstances, including every instance where the defendant is authorized to move for dismissal (CPL 450.20). The CPL provision is more detailed than the prior statute, but essentially it expresses the same concept. There is no indication that, by rewording the statute, the Legislature intended to curtail the People’s right to at least one appeal when a motion to dismiss the indictment is granted on any ground (see Practice Commentary to CPL 450.20, McKinney’s Cons Laws of NY, Book 11 A, p 380; see, also, Matter of Cunningham v Nadjari, supra at p 317; People v Rosenberg, 45 NY2d 251).
Accordingly, the order of the Appellate Division should be reversed and the appeal remitted to that court for further proceedings consistent with this opinion (CPL 470.60, subd 3; People v Brown, 40 NY2d 381, 385, n 4, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings consistent with the opinion herein.