OPINION OF THE COURT

Per Curiam.

Although the original order of the Appellate Division had posited the reversal "on the law and as a matter of discretion in the interest of justice”, upon motion to resettle by the People both the order and memorandum were amended to eliminate the recital of discretion as a basis for the decision. Well settled is our power to look beyond the form of an appellate court’s order to see that its substance, and not only its label, conforms to the statutory requisites for our review (People v Williams, 31 NY2d 151, 153-154; People v Woodruff, 27 NY2d 801; see People v Coppa, 45 NY2d 244, 248-249).
 In this case, while the Appellate Division did attempt to conform the accompanying memorandum to its amended order, the change thus effected did not obviate the underlying limitation. Despite the statement in the resettled order that the reversal was made solely on the law, the amended memorandum continued to yield a contrary interpretation. That opinion was based in part upon specifically cited instances of prosecutorial misconduct which, because no objections were taken by defendant’s counsel, presented no questions of law for appellate review in our court (CPL 470.05, subd 2; see People v Robinson, 36 NY2d 224). The failure to delete the references to these unpreserved errors makes it evident that the court’s decision must have been premised at least partially on the exercise of discretion and, hence, cannot be said to have been "on the law alone” (People v Williams, 31 NY2d 151, 154, supra; People v Rainey, 27 NY2d 748, 749; People v Cohen, 5 NY2d 282, 290-292; cf. People v Rossi, 11 NY2d 379, 383). As we said in People v Williams (supra, p 153), "intermediate appellate courts should not routinely grant motions to resettle orders solely for the purpose of conforming their orders to the jurisdictional requirements of this court.” Especially is this so where, as here, all contrary bases for the *127 decision have not been withdrawn from both the order and the opinion.
Accordingly, the appeal should be dismissed on the ground that the determination to reverse did not satisfy the jurisdictional predicate that it be made "on the law alone” (see CPL 450.90, subd 2).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Appeal dismissed.