OPINION OF THE COURT
John V. Aylward, J.
This proceeding is an appeal by the People from an order of the trial court dismissing the accusatory instrument after the trial had commenced with the taking of some testimony, because of the inadequacy of the prosecutor’s opening statement.
Trial of this issue commenced with the selection of a jury. At the end of the prosecutor’s opening statement defense counsel moved to dismiss claiming that the opening statement was inadequate as a matter of law. Argument was held in chambers and the Trial Judge reserved decision. The trial continued with the taking of testimony. The following day the prosecutor moved to reopen and defense counsel objected since testimony had been taken. The trial court denied the prosecutor’s motion to reopen and then rendered its decision dismissing the case because of the inadequacy of the opening statement.
The present CPL and the former Code of Criminal Procedure require the prosecutor to make an opening statement. There are not any statutory guidelines as to what constitutes an adequate opening statement.
This court has reviewed the opening statement and concurs with the trial court that the prosecutor’s statement was insufficient in that it failed to state any facts constituting the crime of driving while intoxicated which the prosecutor intended to prove. However, there does not appear to be any bad faith on the part of the prosecutor in his failure to make an adequate opening.
The court’s allegiance is both to the People and to the defendant — on behalf of the defendant to see that he receives a fair trial, on behalf of the People to see that the defendant does not escape a just verdict because of a technicality which may be correctable and which does not dispose of the issue of guilt or innocence on the merits.
This court disagrees with the trial procedure that ensued after the defendant made his motion to dismiss. The trial court should have decided that motion prior to the taking of *966 testimony and in the event that the trial court determined that the opening statement was insufficient, it should have permitted the prosecutor to reopen.
In the instant case and because of the delayed decision, the trial court should have granted the prosecutor’s motion to reopen and declared a mistrial pursuant to CPL 280.10 (subd 3), if necessary. Defendant’s counsel contributed to the dilemma in consenting to the procedure whereby the trial continued with the taking of testimony prior to the court’s decision on defendant’s motion and by defense counsel urging the prosecutor to agree to that procedure.
The next issue is whether or not the defendant will be placed in double jeopardy in the event a retrial is ordered.
This trial was aborted by the defendant’s motion to dismiss. The order of dismissal by the trial court was not a determination of defendant’s guilt or innocence since the determination was not based on the merits of any evidence presented during the trial. The order of dismissal simply decided that the People had erred procedurally in failing to comply with CPL 260.30 (subd 3).
While jeopardy had attached with the selection of a jury, there does not appear to be any basis to hold that the defendant will be placed twice in jeopardy upon a retrial since it was the defendant’s motion that concluded the trial proceedings prior to an evidentiary determination on the merits. (People v Key, 45 NY2d 111; Burks v United States, 437 US 1, 12-16.)
In dismissing the accusatory instrument, the trial court improperly relied on CPL 210.20 (subd 1, par [h]). Motions for dismissal under that subdivision must be made within 45 days of arraignment and are essentially pretrial motions.
This appeal to this intermediate appellate court is authorized by People v Coppa (45 NY2d 244) because of the trial court’s reliance on CPL 210.20, even though it was an erroneous reliance.
The judgment is reversed and the matter remanded to the City Court of Watertown for a new trial.
This decision is made solely on the law and constitutes the order of this court.