■ In the Matter of CLAIRE S. MINARDI, Respondent, v FRANK W. MINARDI, Appellant.—Appeal from orders of the Family Court of Broome County, rendered January 15, 1980 and January 18, 1980, which, inter alia, adjudged defendant to be in contempt of court and sentenced him to 30 days in the Broome County Jail. Pursuant to an order signed on May 23, 1977, the Family Court of Broome County confirmed a separation agreement between petitioner and respondent whereby custody of the parties' minor child, Tara Susanne, was granted to petitioner. It thereafter developed that the child was permitted to visit respondent for the Thanksgiving weekend of 1979 upon the understanding that she would be returned to petitioner so that she could attend school on Monday, November 26, 1979. Subsequently, on December 5, 1979, after respondent had repeatedly refused to return the child, petitioner applied to Family Court for an order continuing her custody of the child, and in a sworn statement annexed to and incorporated in the petition, she specifically alleged that respondent had failed to obey the court order of May 23, 1977 and requested that he be held in contempt for his violation of the order. In response to the petition, the court issued an order on December 11, 1979 directing respondent, inter alia, to show cause on December 21, 1979 why he should not be punished for contempt of court for his failure to obey the order of May 23, 1977 awarding custody of the subject child to petitioner and ordering respondent to return the child forthwith to petitioner pending the determination of the petition. Again

respondent defied the court and refused to comply with its directives, however, and when he finally did appear on January 14, 1980, the court adjudged him to be in contempt because of his willful and flagrant violation of the two court orders and sentenced him to 30 days in the Broome County Jail, the sentence to be served on weekends so as not to jeopardize respondent's job. This appeal ensued. We hold that the challenged Family Court orders should be affirmed. By his own testimony respondent conceded that he had knowledge of both court orders and that, as a probation officer, he understood the meaning of court orders, and he attempted to justify his conduct solely on the grounds that he was trying to appease his parents and the child and that his attorney advised him not to comply with the court orders. Under these circumstances, the court was plainly justified in concluding that respondent flouted the court's authority and intentionally defied its orders in a willful and flagrant manner, and such being the case, it properly punished him for contempt of court (Family Ct Act, § 454; *Lampert v Lampert,* 51 AD2d 913). In so ruling, we note in conclusion that none of the alleged procedural irregularities cited by respondent warrant our disturbance of the orders appealed from. The order of May 23, 1977 was clearly proper both as to form and content; and in her sworn statement annexed to her petition, petitioner specifically alleged that respondent had failed to obey a lawful court order (see *Matter of Mesick v Mesick,* 71 AD2d 737) and requested that he be held in contempt of court. Similarly, the issuance of a summons under section 453 of the Family Court Act was not mandatory, and upon the face of the show cause order of December 21, 1979, respondent was fully and explicitly advised that his failure to appear in court pursuant to the order could lead to his arrest and imprisonment for contempt. Orders affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.