■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER EDWARDS, Respondent.—Order unanimously reversed and indictment reinstated. Memorandum: Defendant, an American Indian, was indicted for having committed within the territory of the Onondaga Indian Reservation the crimes of murder, robbery, assault and grand larceny. The indictment was dismissed by the court, *sua sponte,* at a motion term, upon the finding that "as a matter of law, the federal government has exclusive jurisdiction over the crimes charged". Initially, we reject defendant's contention that the order dismissing the indictment is not appealable by the People. That the order was entered upon the court's own motion and not upon motion of defendant does not divest the People of their historic right to appeal in circumstances where the order is entered before commencement of trial and finally determines the People's case (see former Code Crim Pro, § 518). It is sufficient to preserve the People's right to appeal under CPL 450.20 (subd 1), that the ground upon which the dismissal was based (CPL 210.20, subd 1, par [h]) is one upon which defendant was authorized to move for such relief (cf. *People v Coppa,* 45 NY2d 244, 249-250). Turning to the merits, it is clear that the court erred in dismissing the indictment. While it was long recognized in New York that the Federal Government had exclusive jurisdiction to try Indians for crimes committed on Indian reservation lands *(People ex rel. Cusick v Daly,* 212 NY 183; US Code, tit 18, § 1153), the power to assert jurisdiction in such cases was granted to New York in 1948 by the enactment of section 232 of title 25 of the United States Code *(Washington v Yakima Indian Nation,* 439 US 463; *Oneida Indian Nation v County of Oneida,* 414 US 661, 679; *Kake Vil. v Egan,* 369 US 60, 73-74; *Williams v Lee,* 358 US 217, 220-221; *United States v Devonian Gas & Oil Co.,* 424 F2d 464, 468; *Anderson v Gladden,* 188 F Supp 666, 677, affd 293 F2d 463; *People v Cook,* 81 Misc 2d 235, 240-241). (Appeal from order of Onondaga Supreme Court—dismiss indictment.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ. [104 Misc 2d 305.]

■ ROY C. JOHNSON, Appellant, v DONALD W. DOE et al., Respondents. —Order unanimously affirmed, without costs. Memorandum: In light of the nature of the damage allegations in plaintiff's complaint, Special Term did not abuse its discretion in removing this action from Supreme Court to County Court (see CPLR 325, subd [d]; 22 NYCRR 1024.20). (Appeal from order of Steuben Supreme Court—removal to county court.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.