■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMAL ADIB SAID, Also Known as KENNY A. SAID, Appellant. —Judgment unanimously reversed, on the law, and proceed-

ing dismissed. Memorandum: The 30-day sentence imposed on defendant for willfully violating an order of protection is vacated. The written order of protection, which recited that defendant had been charged with assault in the second degree against his son, Andrew Said, required defendant to "refrain from harassing, intimidating, threatening or otherwise interfering with" his children, Jill Behrens, and Sharon Horgan and to "stay away from" their homes, schools, businesses or places of employment. A 12-count indictment charging defendant with various controlled substance and weapons violations and which included the second degree assault charge was then pending. The order of protection is void except as it applied to defendant's son Andrew, the only alleged victim of a crime, since its authorization is limited to victims of family offenses (CPL 530.12) or victims of crimes other than family offenses (CPL 530.13). The failure to serve a copy of the order on defendant or the failure of the clerk of the court to issue copies of the order to him and others is not dispositive of the charge that defendant willfully violated the order of protection as it applied to his son Andrew, since the order was made in open court in defendant's presence and "[p]ersons who have knowledge of the mandate of a court may be punished for contempt even though not served with a copy of the order allegedly disobeyed" *(Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers,* 42 AD2d 422, 426). However, to sustain a finding of criminal contempt here the proof must establish defendant's willful disobedience of the court's mandate insofar as it applies to his son Andrew *(see,* CPL 530.12 [11]; Judiciary Law § 750 [A] [3]; *see also, Matter of McCormick v Axelrod,* 59 NY2d 574, 583). The evidence conclusively established that defendant mistook his son Andrew for his son Kenneth. Since defendant thought the individual was his son Kenny, the proof failed to establish that defendant willfully failed to obey the order by communicating with and harassing Andrew. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—contempt of court.) Present—Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.