■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWORTH HERON, Also Known as ANDREW DOWNER, Appellant.—Judgment, Supreme Court, Bronx County (Dominic Massaro, J., at suppression hearing, jury trial and sentence), rendered April 29, 1987, which convicted defendant of burglary in the second degree (Penal Law § 140.25 [1]) and sentenced him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously affirmed.

Defendant's claim that he was denied a fair trial by the prosecutor's bad-faith introduction into evidence of property which she knew or had reason to know was unconnected to the events charged is without factual support. There was a sufficient basis for introduction of the evidence, found in the testimony of the complainant, that he believed the physical evidence seized from defendant may have been property taken from his apartment and belonging to his wife. Furthermore, defendant's fingerprints were found on jewelry boxes which had been rummaged through during the burglary. Under these circumstances, it cannot be said that the prosecutor knowingly introduced into evidence jewelry seized from defendant that was unconnected to the crime for the sole purpose of misleading the jury which was deemed improper in *People v Johnson* (61 AD2d 923, *appeal dismissed* 47 NY2d 124). Furthermore, it was not clear that the complained-of physical evidence introduced was unconnected with the crime until defendant's mother took the stand and testified that the property had been taken from her. Since defendant's mother's statement was spontaneously made, without questioning or prompting, during cross-examination, and was not objected to, the prosecutor could refer to said testimony during her summation. *(People v Galloway,* 54 NY2d 396.) Defendant's remaining arguments, largely unreserved for appellate review, have been considered and deemed meritless, especially in view of the overwhelming evidence of defendant's guilt. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.