■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER K. DEBO, Appellant. [652 NYS2d 174] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty to manslaughter in the first degree arising out of the suffocation of his $6^1/_2$-month-old infant. Defendant was sentenced to an indeterminate term of incarceration of $8^1/_3$ to 25 years and, pursuant to a final order of protection, was barred from having any contact with the mother of the child until 2013.

On appeal, defendant contends that his waiver of the right to appeal was invalid and raises a number of additional contentions, several of which survive a valid waiver of defendant's right to appeal. Defendant contends that the order of protection was invalid; that the sentence was harsh and excessive; that he was not competent to stand trial or to give a voluntary

statement; that he was deprived of his constitutional right to a speedy trial; that his statements were elicited in violation of his Fourth Amendment rights and were involuntary; that he was deprived of his right to bail; that he was not guilty of manslaughter in the first degree; and that County Court lacked jurisdiction over him because he is an Indian and the crime took place in "Indian country."

After considering the discussion in the record concerning defendant's waiver of the right to appeal, the written waiver itself, and the circumstances surrounding it, we conclude that the waiver was voluntary, knowing and intelligent (*see, People v Callahan*, 80 NY2d 273, 283), reasonable and appropriate, and not contrary to public policy (*see, People v Seaberg*, 74 NY2d 1, 8-11).

With respect to those contentions that survive a guilty plea and waiver of the right to appeal, we conclude that the order of protection is legal. An order of protection may run in favor of the victim or victims of the offense and members of the family or household of such victim or victims (*see,* CPL 530.13 [4] [a], [b]). To the extent that our decision in *People v Said* (120 AD2d 961) suggests otherwise in dicta, it is based on a misreading of CPL 530.13 and thus is not to be followed. Moreover, such order of protection may extend until "three years from the date of the expiration of the maximum term of an indeterminate * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]).

We conclude that the court properly determined that defendant was not an incapacitated person under CPL 730.10. Defendant has failed to preserve for our review the contention that he was denied his constitutional right to a speedy trial. Were we to consider that contention, we would conclude that it is without merit. The Village of Seneca Falls is not "Indian country" (18 USC § 1151), but even assuming, arguendo, that it is, we nonetheless reject the contention that the court lacked jurisdiction over the offense (*see,* 25 USC § 232; *People v Edwards*, 64 NY2d 658, *affg* 97 AD2d 987, *for reasons stated at* 78 AD2d 582).

We have considered defendant's remaining contentions and conclude that they do not survive defendant's waiver of the right to appeal (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019; *see also, People v Callahan, supra*, at 280). Were we to review the merits of those contentions, we would nonetheless affirm (*see, People v Saunders, supra*, at 1093). (Appeal from Judgment of Seneca County Court, Falvey, J.— Manslaughter, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.