OPINION OF THE COURT
Christopher S. Ciaccio, J.
The People appeal from a decision and order of Wheatland Town Court* (Litteer, J.) dismissing all charges against the defendant on the rationale that law enforcement, in entering the defendant’s home and arresting the defendant for refusing to hand over his child pursuant to a custody order of Acting State Supreme Court Justice John Owens, had committed a “violation of the 4th amendment,” or a “Payton violation.”
Because law enforcement cannot, absent a warrant of arrest following a judicial finding of contempt, seize and arrest a person because he fails to comply with the terms of a custody order, the decision and order of the lower court dismissing the accusatory instrument is affirmed and the appeal dismissed.
As a preliminary matter, the People argue that the appeal is authorized by Criminal Procedure Law § 450.20 (1), because the decision was “entered before [the] commencement of trial and finally [terminates] the People’s case” (People v Edwards, 78 AD2d 582, 582 [4th Dept 1980]). Moreover, as stated by the Court of Appeals, the People have the “right to at least one appeal when a motion to dismiss ... is granted on any ground,” and “may appeal prior to conviction if the trial court’s order terminates the prosecution” (People v Coppa, 45 NY2d 244, 249-250 [1978]).
The court agrees. The lower court’s dismissal terminated the prosecution, giving rise to a right to appeal under CPL 450.20 (1).
As set forth in the papers attached to the accusatory instrument, the defendant, engaged in an ongoing dispute with his ex-wife Jennifer Rech (now known as Szczublewski) over the custody of their child, had ignored an order dated March 14, 2016 of Acting State Supreme Court Justice John M. Owens directing the defendant to “return the parties’ child” to his *492 mother, which transfer was to occur at a Tim Hortons shop located on Buffalo Road in North Chili on or before March 14, 2016 at 6:30 p.m. The order directed that service of the order was deemed to be good and sufficient if accomplished by facsimile upon the defendant’s attorney by 6:00 p.m. on March 14.
The defendant did not show up at Tim Hortons. Ms. Rech immediately applied to Justice Owens for another order to show cause, which he signed on March 15, 2016. This order, in addition to directing the defendant to appear before the court to answer a charge of contempt, stated that the defendant was to return the child to the mother by 4:00 p.m. on March 15, 2016, and that if he did not, then the Monroe County Sheriffs Office was to “immediately enter the defendant’s home located at 5 Hilltop Drive ... to effectuate the return of (child) to the Plaintiff.” Service was to be deemed good and sufficient if made by email upon defendant’s attorney on or before March 15 by 3:45 p.m.
According to the factual account in the accusatory instrument, Monroe County Sheriffs deputies went to defendant’s home at 4:13 p.m., and served the defendant with the order. The defendant “intentionally refused to comply with said order,” and upon being advised that he would be arrested, “became agitated with deputies, and while being taken [in]to custody . . . attempted to pull away from deputies as well as punch a . . . Deputy as he was being taken into custody.” He was brought before Chili Town Court for arraignment that same evening and charged with one count each of a violation of obstructing governmental administration in the second degree (Penal Law § 195.05); resisting arrest (Penal Law § 205.30); and harassment in the second degree (Penal Law § 240.26 [1]).
Proceeding pro se, defendant moved by notice of motion and an unsworn “Affirmation” for various forms of relief, including dismissal on the grounds of facial insufficiency and defective instrument, and in a supplemental affidavit, dismissal due to a Brady violation and a “Confrontation Clause violation.” He never moved for suppression of evidence, not surprisingly, because no evidence was seized (except perhaps the child). However, he alleged in his “Statement of Facts” that the deputies did not possess a warrant and that he did not consent to their entry or to his arrest, citing to Payton v New York (445 US 573 [1980]), which he asserted “stands for the rule that in the absence [of] exigent circumstances, the Fourth Amendment prohibits law enforcement officials from making a warrantless and nonconsensual entry into a suspect’s home to arrest him.”
*493 The People in their responsive papers denied the factual allegations.
At motion argument, the court raised, apparently sua sponte, how it was that the deputies did not commit a “violation of the 4th Amendment” by entering the house without a warrant, and questioned whether an order from a civil court had the same force and effect as a search warrant. After “considering the arguments,” “doing research,” and discussing the matter with “many Courts that are higher up and (that) they all came to the same conclusion,” he found that there was a “violation of the 4th Amendment” and a “Payton violation” and dismissed each count. The People appealed.
At the outset, it is not clear on what provision of law the court based its dismissal order. The remedy for a Payton violation is suppression of evidence, not dismissal (see People v Box, 145 AD3d 1510, 1515 [4th Dept 2016]). Where the People’s case rests upon the admissibility of evidence seized as a result of an illegal entry into a home, and the evidence is suppressed, the People can opt to either withdraw the charges or take an interlocutory appeal (CPL 710.70), but here, even assuming a Payton violation, there was no evidence seized. The charges are founded upon observations alone, which generally are not the proper subject of a suppression motion (see People v O’Dell, 137 AD3d 1744, 1745-1746 [4th Dept 2016]), and no circumstances here justify any exception to that well-established rule (see generally People v Rossi, 80 NY2d 952, 954 [1992], rearg denied 81 NY2d 835 [1993]).
Moreover, although he referenced a Payton violation, defendant never requested suppression of anything, nor did he notice to the People that he was moving for suppression, as required by CPL 710.60 (1). Even if he had moved for suppression, his request would have to have been summarily denied, since his papers, unsworn as they were, raised no issue of fact (see CPL 710.60 [1] [which requires “sworn allegations of fact”]). Nowhere in the accusatory instrument or the papers attached to it is there even an allegation, let alone a factual statement, that the deputies entered the defendant’s house.
And, if defendant had moved for suppression on notice to the People and had properly raised issues of fact, and if there were tangible items that were the subject of a suppression motion, the proper course would have been to hold a hearing, since the People denied each and every factual allegation in the defendant’s “Affirmation.” Here, no hearing was held.
*494 The court then will assume that the nisi prius judge could only have intended his dismissal order to be based on one of the forms of relief requested by the defendant, namely, dismissal for facial insufficiency of the accusatory instruments pursuant to CPL 170.35 (1) (a) and 100.40 (1) (b) and (c). (See CPL 470.15 [1]; see further People v Coppa, 45 NY2d 244, 248-249 [1978] [“That is not to say that an appellate court may never look through’ an order to see whether it is what it purports to be”].)
Criminal Procedure Law § 170.35 (1) (a) provides that a misdemeanor information may be dismissed if it is insufficient on its face pursuant to the requirements of CPL 100.40. That section requires that the “[n] on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof” (CPL 100.40 [1] [c]).
The accusatory instrument was insufficient on its face and thereby defective, thus the lower court correctly dismissed it.
Obstructing governmental administration in the second degree requires as an element the performance of an “official” governmental function. Here, the order of the Acting Supreme Court Justice directing the Monroe County Sheriffs Department to enforce its mandate to have the defendant return the child to his mother was unauthorized and unenforceable. First of all, there is no proof attached to the accusatory instrument that the order was served on the defendant within the time required. Thus the order, at least on the face of the accusatory instrument, was a nullity, as defendant did not have, by the terms of the order, sufficient notice of it.
Secondly, the order was not a warrant (see Family Ct Act § 153-a) and gave no authority to the deputies to seize the defendant upon his refusal to deliver the child, let alone notice to the defendant that he was subject to arrest for failure to comply. Supreme Court could have issued a warrant upon a showing that the defendant was unlikely to respond to a summons issued pursuant to the custody petition (see Family Ct Act § 671). It could have issued an arrest warrant upon a finding of contempt following a hearing, in the event the defendant refused to give up the child and was unlikely to appear for the hearing (see Family Ct Act §§ 153, 153-a; see further Greenberg v Greenberg, 81 Misc 2d 180, 184 [Sup Ct, Kings County 1975]; People v Lawler, 140 Misc 2d 661, 665-666 [Albany County Ct 1988]). What it could not do, absent the issuance of a valid *495 warrant founded upon probable cause, was to authorize law enforcement to seize the defendant and take his child from him, within or without his house, in other words, to act with the authority of a warrant.
The order having exceeded the bounds of Supreme Court’s authority, it was not valid on its face and thus the deputies were not carrying out an “official function.” The arrest was thereby unlawful (see People v Lupinacci, 191 AD2d 589 [2d Dept 1993]).
Since the defendant was initially arrested for obstructing governmental administration for “failing to comply with said Order,” which arrest was not authorized, the lower court correctly dismissed the charge of resisting arrest, which is defined by Penal Law § 205.30 as intentionally preventing or attempting to prevent a police officer “from effecting an authorized arrest” (emphasis added). As the underlying arrest for obstructing governmental administration was not authorized, the accusatory instrument lacks a necessary element and is insufficient on its face (see People v Peacock, 68 NY2d 675, 677 [1986]).
Nor were the deputies justified in seizing the defendant on the ground that they had reasonable cause to believe he had committed a crime, namely, contempt of court, in violation of Judiciary Law § 750. The language of the order does not “fully and explicitly” (Matter of Minardi v Minardi, 77 AD2d 689, 690 [3d Dept 1980]) give the defendant sufficient notice that he is being “ordered” to return the child, and that the failure to do so will result in possible arrest and punishment. No distinction is made in the order as to whether the defendant will be subject to a civil contempt or a criminal contempt, let alone that any contempt charge, by the terms of the order, is to be determined after a hearing. Thus, reasonable cause to believe the defendant had committed a criminal contempt did not exist.
The lower court was correct in dismissing the charge of harassment in the second degree as well. That charge alleged that the defendant punched a deputy in the act of pulling away as he was being taken into custody. An essential element of the offense is an intent to “harass, annoy or alarm.” Defendant’s intent, judging from the face of the factual portion of the accusatory instrument, was not to “alarm” the deputy but to keep from unlawfully being taken into custody, thus an essential element of the offense was missing from the information.
“That being the case, defendant’s arrest was not *496 ‘authorized,’ nor did her striking his arm in reaction to the officer’s attempt to detain her constitute harassment.
“ . . . Penal Law § 35.27, as its title indicates, is concerned with the defense of justification and does not amend Penal Law § 205.30 to make resistance to an unauthorized arrest an offense” (People v Peacock, 68 NY2d 675, 677 [1986]).
The judgment of the Wheatland Town Court, entered August 24, 2016, dismissing the charges is hereby affirmed and the People’s appeal is dismissed.

 The matter was transferred to Wheatland Town Court from Chili Town Court by order dated May 25, 2016 of Monroe County Court because a Chili justice was a member of a law firm that represented a plaintiff suing the defendant Michael Rech in a civil action.