OPINION OF THE COURT
Chief Judge Cooke.
This appeal presents the court with its first opportunity to interpret the recent amendment to CPU 450.90 (subd 2, par [a]) — a provision designed to permit appeals to the Court of Appeals in certain criminal cases where the Appellate Division reverses or modifies on the law and the facts. In the present case, although the Appellate Division reversal was so based — on the law and the facts — we conclude that the amendment authorizes an appeal. The only question reviewable by us on the appeal, however, is the Appellate Division’s determination of law.
As found by the Appellate Division, defendant was initially arrested on June 6,1976 for possession of marihuana. He was arraigned on that charge and bail was set at $5,000. At 9 A.M. the following day, defendant was rearraigned and was actually represented by counsel. That afternoon, defen *622 dant was brought before the same Judge, in the company of a State trooper, and released on his own recognizance. The trooper took defendant to a State Police substation, and within a short time defendant, without having a lawyer present, confessed to a murder and an assault. The confession was admitted at trial and defendant was convicted of those charges.
On appeal, the Appellate Division initially held the matter in abeyance and remitted for a hearing to determine whether defendant was still in custody when he made the statement. After the hearing, a majority of that appellate court reversed the convictions, finding that defendant indeed was in custody, and suppressed the statement. It was concluded that custodial interrogation in the absence of an attorney violated defendant’s State constitutional right to counsel (People v Rogers, 48 NY2d 167). Although the court’s order recited that the determination was on the law, the slip opinion and decision slip indicated that the reversal was predicated “on the law and the facts”. The People now argue that defendant was not in custody at the time he made the statement regarding the murder and the assault and therefore his right to counsel was not violated.
Because it appears that the Appellate Division reversal may have involved a factual issue, a threshold question as to this court’s jurisdiction must be resolved. In past years, an order of the Appellate Division reversing or modifying in a criminal case was appealable to the Court of Appeals only if it expressly stated that it was on the law alone (see, e.g., People v Coppa, 45 NY2d 244, 248-249). That the order recited that it was on the law, however, did not automatically give rise to an appeal; the court looked behind the order to determine the accuracy of the recital (e.g., People v Johnson, 47 NY2d 124, 126). Upon such examination, if it was discovered that the order was not on the law alone, the appeal would be dismissed (id.).
By contrast, if the intermediate appellate court order expressly recited that it was premised even partially “on the facts”, the appeal was automatically precluded (People v Mackell, 40 NY2d 59). Such an appeal simply did not satisfy the statute requiring the order to state expressly *623 that it was on the law alone (id., at pp 62-63). And, the language of the statute prevented the court from looking through the order to determine whether it was on the law alone (id.).
A recent amendment to CPL 450.90 (subd 2, par [a]), however, has prescribed a new rule for appealability of orders of reversal or modification. Under this new legislation, such an order is appealable if the Court of Appeals determines that it was made “on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal or modification”. One obvious purpose of the statute was to alter the rule applied in People v Mackell (supra) which precluded appeal of an intermediate appellate court order expressly stated to be on “the facts”. Appeal from such an order now is not automatically precluded. But the statute is not limited to the Mackell situation. Rather, it permits the Court of Appeals to determine in all cases whether the order satisfies the criteria for appeal.* Thus, an appeal from an order stated to be “on the law”, even if found to involve factual considerations, no longer is subject to automatic dismissal. In those cases, the court must assess whether the intermediate appellate determination was based upon such facts which, but for the legal determination, would not have led to reversal or modification. In short, the statute permits appeals where there is a controlling legal question combined with incidental but nondispositive factual issues.
Here, the Appellate Division determination, although stated to be on the law, involved a question of custody, generally a fact issue (e.g., People v Williamson, 51 NY2d 801, 802). An examination of the court’s opinion confirms that the factual issue of custody was resolved. But the court also concluded, as a legal matter, that the rule of People v Rogers (48 NY2d 167, supra) prohibited custodial interrogation of defendant in the absence of counsel. Thus, the order was made upon the law and the facts.
*624 Under the amendment the appeal may be entertained if the factual finding would not have led to reversal in the absence of the Appellate Division’s legal conclusion. In this case, the factual determination that defendant was in custody would not, in itself, have led to reversal. Absent the court’s legal conclusion that a custodial statement would violate defendant’s right to counsel, the finding would be irrelevant. Because the factual question was thus incidental and nondispositive, an appeal lies pursuant to CPL 450.90 (subd 2, par [a]).
That the appeal is properly here, however, does not mean that the court may review every issue passed upon by the Appellate Division. Indeed, the amendment does not purport to, nor could it, expand the constitutionally derived limits upon this court’s scope of review (see, e.g., People v Mackell, 40 NY2d 59, 64-65, supra [concurring opn]; cf. Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 450.90, pp 127-128). Thus, the traditional prohibition against the Court of Appeals reviewing facts remains intact and the only issue reviewable is the propriety of the Appellate Division’s legal conclusion.
The Appellate Division ruled that People v Rogers (supra) precludes custodial questioning of a defendant in the absence of an attorney where the defendant is actually represented on unrelated charges. The court also held that Rogers should be given retroactive effect. Inasmuch as these conclusions are correct (People v Kazmarick, 52 NY2d 322, 327; People v Bell, 50 NY2d 869), an affirmance is required. On this view of the case, it is unnecessary to address defendant’s argument that People v Rogers would require suppression of the statement even if defendant had not been in custody (cf. People v Skinner, 52 NY2d 24).
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
Order affirmed.

 It should be noted, however, that the amendment does not apply and thus does not operate to provide an appeal where the reversal or modification was at least partially based upon discretion exercised in the interests of justice (People v Moses, 52 NY2d 894; see, e.g., People v Humphrey, 50 NY2d 925; People v Lanzot, 49 NY2d 796).