■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR L. TRAVIS, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered December 20, 1979, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and robbery in the first degree. At approximately 6:30 P.M. on April 2, 1979, Anthony Hayes was killed in his Saratoga Springs office. The police first learned of the incident when defendant, a 16 year old, showed up at the Saratoga Springs Police Department at 10:30 P.M. the same day. Accompanied by his sister, who was his legal guardian, and her husband, defendant informed police that one John Rivera had told him that he had beaten up Hayes and robbed him of $28. According to defendant, the reason he was reporting this to the police was that Hayes was a friend of his and might be in need of medical help. After relating the same

story to several police officers, Investigator Miller went to check on Hayes at his office. Defendant followed in a separate car with his sister and brother-in-law. Hayes was found dead in his office. Lieutenant Hudson arrived on the scene and asked defendant to sit in the police car and tell him what he knew about the incident. Defendant repeated his earlier story. Hudson apparently was suspicious of defendant's story and felt it necessary to advise defendant of his *Miranda* rights at this point. While Hudson informed defendant that he had the right to remain silent, the right to an attorney, and the right to stop answering questions at any time, he failed to tell defendant of his right to be supplied with counsel if he could not afford one. Following this incomplete recitation of his *Miranda* rights, defendant gave an oral statement implicating himself in the crime. Defendant was then taken to the police station where, upon signing a written waiver of his *Miranda* rights, he made a written confession which he signed at about 2:20 the following morning. Indicted for second degree murder (three counts), first degree robbery and second degree burglary, defendant moved to suppress both his oral and written statements. The trial court denied the motion and ruled both statements admissible. Even though it found that defendant was not fully advised of his *Miranda* rights while talking with Lieutenant Hudson in the police car, the trial court found that this defect did not render the oral statement inadmissible since defendant was not in custody at the time. The written confession was ruled admissible since it followed a valid waiver by defendant of his full *Miranda* rights. Defendant subsequently pleaded guilty to first degree manslaughter and first degree robbery and received concurrent 8⅓ to 25-year sentences. This appeal by defendant ensued to challenge the trial court's ruling on the suppression motion. The suppression court found as a matter of fact that defendant was not in custody when incorrectly advised of his *Miranda* rights. The question of whether a criminal defendant is in custody at a particular point in time is generally a fact issue (*People v Albro,* 52 NY2d 619, 623). Defendant came to the police voluntarily and followed Investigator Miller to the scene of the crime in a separate car. The fact that Hayes was found dead did not necessarily implicate defendant; it tended to confirm his original story. When asked by Lieutenant Hudson to repeat what he knew, defendant stuck by his original story. Thus, at the point when *Miranda* warnings were first issued, it does not appear that defendant was in custody and we find no reason to disturb the trial court's factual finding to the contrary. It necessarily follows that the taint which would make inadmissible the subsequent written confession disappears once it is decided that the earlier oral statement was properly ruled admissible. While defendant's detention most certainly became custodial in nature once he gave his incriminating oral statement, the written confession followed defendant's written waiver of his full *Miranda* rights. Several other arguments raised by defendant have been examined and found to be without merit. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.