■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WINKLER, Appellant.—Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Martin, J.), rendered October 30, 1981, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court (Marasco, J.), entered July 13, 1984, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. By order of this court dated May 11, 1987, the order was reversed by this court, the judgment was vacated, and the appeal from the judgment was dismissed *(People v Winkler,* 128 AD2d 153). On April 28, 1988, the Court of Appeals reversed the order of this court, and remitted the case here for further proceedings *(People v Winkler,* 71 NY2d 592).

Ordered that the order entered July 13, 1984 is reversed, on the law and the facts, the motion is granted, the judgment rendered October 30, 1981 is vacated and a new trial is ordered; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of the determination on the appeal from the order.

The defendant has been convicted of murder in the second degree as a result of his alleged participation in the shooting death of his father on August 2, 1980. In this court's original opinion and order the defendant's motion pursuant to CPL 440.10 was granted and the judgment vacated on the basis that the contingency fee arrangement between the defendant and his retained counsel constituted a per se violation of his constitutional right to counsel. On appeal, the Court of Appeals reversed this court's order and held that the existence of a contingency fee arrangement in a criminal matter, while unquestionably unethical, did not constitute a per se denial of the defendant's constitutional right to counsel *(People v Winkler,* 71 NY2d 592, *supra).* The matter was remitted to this court "for consideration of all issues not reached on appeal to [this] court and such further proceedings, if any, as may be appropriate" *(People v Winkler, supra,* at 598). Upon remittitur, we conclude for the reasons which follow that a new trial is warranted in this case.

Although the Court of Appeals rejected a per se rule of

ineffectiveness of counsel in criminal cases involving contingency fee arrangements, the court held that, "[a] defendant may, however, be entitled to relief upon satisfying the defense burden of showing that the contingent fee conflict of interest effected less than meaningful and constitutionally guaranteed legal representation" *(People v Winkler, supra,* at 593). The defendant has satisfied this burden. As expressly stated in this court's original opinion and order on the defendant's appeal, the facts of this case clearly establish that the contingency fee arrangement herein had a prejudicial impact on retained counsel's representation of the defendant. In the first instance, the defense counsel failed to pursue an intoxication defense on the defendant's behalf despite the fact that the defendant stated several times on direct and cross-examination that he had been snorting cocaine and smoking marihuana prior to the incident. Additionally, even though this testimony provided the defense counsel with a basis upon which to request the submission of lesser included offenses to the jury, no such request was ever made. Finally, the record is devoid of any indication that the defense counsel ever attempted to initiate plea bargaining negotiations with the prosecution in an attempt to obtain a favorable plea bargain for the defendant. Each of these lapses in the defense counsel's representation of the defendant may be directly attributable to counsel's financial interest which was totally dependent upon a complete acquittal of his client since, under the terms of the contingency fee agreement, the defense counsel stood to gain an additional $25,000 only if the defendant inherited from his father's estate.

In view of the above, it is clear that the defendant has demonstrated that the contingency fee arrangement between retained counsel and himself resulted in less than meaningful legal representation by retained counsel *(People v Winkler,* 71 NY2d 592, 593, *supra).* Accordingly, the defendant's motion pursuant to CPL 440.10 must be granted, the judgment of conviction vacated, and a new trial ordered. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.