OPINION OF THE COURT
Bellacosa, J.
 At the outset of this People’s appeal, we address whether the determination below satisfies this court’s jurisdictional threshold that the decision was made on the law alone, or on the law and such facts which but for the determination of law would not have led to the Appellate Division’s reversal (CPL 450.90 [2] [a]). That court’s order recited the determination was "on the law and in the exercise of discretion”, but the opinion manifests that but for the purely legal determination of the intermediate appellate court’s power to grant the suppression motion on trial evidence alone, that court would not have reversed, without a hearing, the defendant’s conviction. Inasmuch as the order of the Appellate Division is appealable under the remedial amendment to CPL 450.90 (2) (a), a threshold determination consigned to us, we are able in this case to reverse, reinstate the judgment and remit for a hearing on the suppression motion.
Defendant was charged with criminal possession of a weapon and of a controlled substance, based on the seizure of contraband discovered after plain-clothes police officers stopped and searched the taxicab in which he and two others were passengers. Before trial, defendant made the customary motion to suppress all physical evidence, in which he challenged the legality of the stop and of the subsequent search of the vehicle. The motion was denied without a hearing on the *669 ground that, under then-controlling case law, defendant lacked standing. A jury trial followed and defendant was convicted.
On appeal to the Appellate Division from the judgment of conviction bringing up for review the order denying suppression, defendant argued that he had standing for the suppression motion and that it should not have been denied without a hearing. The People conceded the point in light of this court’s intervening and controlling decision in People v Millan (69 NY2d 514), and they asked the Appellate Division to remit to the trial court to give the defendant his suppression hearing.
The Appellate Division acknowledged that under Millan (supra) defendant had acquired standing for a suppression motion and a hearing, but instead of withholding determination of the appeal and remitting to Supreme Court for that purpose as would be its "usual practice”, the court granted the suppression motion outright without any hearing by basing its determination on the trial evidence (137 AD2d 1, 4). It recited that it was exercising its "fact-finding power in the interest of justice and judicial economy.” The court then reversed the judgment of conviction and dismissed the indictment. A Judge of this court granted leave to appeal to the People to review the correctness of the Appellate Division’s determination.
The appealability of intermediate appellate court orders was, as reformulated in 1970, restricted to cases where the order of reversal or modification was based "on the law” alone (see, CPL former 450.90 [2] [a]; L 1970, ch 996; People v Coppa, 45 NY2d 244, 248-249). As a result, when the Appellate Division expressly reversed "on the law and the facts”, this court was unable to look beyond the recital in the order itself, requiring the appeal to be dismissed without review of any legal issue (People v Johnson, 47 NY2d 124; People v Sullivan, 29 NY2d 937, 938; but see, People v Mackell, 36 NY2d 964, 40 NY2d 59).
In 1976, then-Chief Judge Breitel importuned the Legislature to amend CPL 450.90 to expand our authority to address a question of law even if the intermediate court’s decretal clause recited what might superficially appear to be a barrier: "In the time-honored tradition for courts or their members to suggest legislative change when the cases before them seem to so require, it would appear to be eminently desirable to * * * restore to this court the power to review questions of law *670 following a conviction for a crime, despite a recital that the reversal is also on the facts. Of course, such a revision would not and could not constitutionally confer upon this court the power to evaluate, under the guise of determining whether the intermediate appellate court has 'really’ made factual determinations, the weight of the evidence, a question of fact (NY Const, art VI, §3). Instead, under such a revision the court would review only questions of law. *, * * As the statute now reads, however, a mistaken order by a court, or an intended frustration of appellate review (a situation definitely not present in this case as a reading of the Appellate Division opinion demonstrates) is effective to bar salutary review despite the presence of real issues of law” (People v Mackell, 40 NY2d 59, 64-65 [Breitel, Ch. J., concurring], supra). Three years later, the Legislature responded (L 1979, ch 651). Most pertinently, the statute, as amended, allows this court to go behind the recitation in the decretal clause of the order and determine for itself whether a determinative legal question is present (People v Albro, 52 NY2d 619, 623-624). If a reversal or modification was predicated upon the application of a legal principle, the Court of Appeals was to be permitted for the first time to act on the determination of the intermediate appellate court on the law issue only and, if necessary, to remit for further consideration by the courts below (see, People v Washington, 71 NY2d 916).
The Appellate Division had a threshold legal question to resolve before issuing the plenary dismissal of the indictment in this case: did it have the power to rely upon later-developed trial evidence to retrospectively decide the merits of an unlitigated suppression motion? The court reasoned that it could do so and then, despite the People’s argument that they were entitled to one hearing opportunity, looked to the trial evidence "produced” by the prosecutor at trial, asserting that this efficient bypass nevertheless afforded the People "a full opportunity to be heard” (137 AD2d, at 5) on the suppression issue in satisfaction of the rule of People v Havelka (45 NY2d 636). Thus, only after making its predicate legal determination to act in this fashion at all, did the court then proceed to the second tier of its decision-making process — consideration and application of the trial evidence to arrive at a factual determination that suppression was warranted on the merits.
Exercising the authority uniquely reposed in us to determine our jurisdictional range in such instances, we acknowledge that the Appellate Division’s forthright opinion *671 does effect a judicial economy, but it also unavoidably demonstrates that but for the resolution of the purely legal issue of its power under Havelka (supra), it would not have reached or reversed the defendant’s conviction by using the trial evidence retrospectively (see, People v Winkler, 74 NY2d 704 [decided today]). The Appellate Division reversal in this case thus fits within the remedial language and intent of amended CPL 450.90 (2) (a).
On the pure legal issue before us, then, we conclude that the Appellate Division took a misstep in directing reversal and dismissal without a suppression hearing being afforded at all. The precedential principle has become firm and plain that the People are also entitled to a hearing when a court makes an error of law which functionally deprives the People of their one opportunity to put in their case in the relevant procedural variations these cases can take (see, e.g., People v Crandall, 69 NY2d 459; People v Dodt, 61 NY2d 408; People v Payton, 51 NY2d 169; People v Havelka, 45 NY2d 636, supra; People v Green, 33 NY2d 496; People v Malinsky, 15 NY2d 86). The rationale for the rule is that, in fairness, "the People should not be deprived of one full opportunity to present evidence of the dispositive issue involved at the suppression hearing. If an error of law is committed by the hearing court which directly causes the People to fail to offer potentially critical evidence a rehearing should be ordered so that evidence may be presented” (People v Havelka, 45 NY2d 636, 643, supra).
In this case, the suppression court applied then-valid preMillan law and denied defendant’s motion without a hearing (compare, People v Wesley, 73 NY2d 351, 360-362). It was this ruling by the hearing court and not a failure of proof by the People that resulted in evidence of the legality of the stop and search remaining undeveloped — evidence perhaps not strategically useful to be advanced at trial or even inadmissible as irrelevant or prejudicial at trial before a jury (see, People v Dodt, 61 NY2d 408, 417, supra; People v Payton, 51 NY2d 169, 177, supra). It should not be foreclosed forever. Thus, in these circumstances, the People should not be penalized by use against them of a possibly truncated evidentiary submission at trial, and they should be entitled to the one evidentiary suppression hearing which should then form the basis for the decision on the merits of the issues relevant in that procedural context.
The Appellate Division’s shortcut under these circumstances *672 cannot be sustained as an authorized remedy for the concededly erroneous suppression ruling at the trial level (compare, the instant case, with People v Douglass, 60 NY2d 194, 205; and Matter of Holtzman v Goldman, 71 NY2d 564, 570 [both dealing with lack of trial court authority to bypass for efficiency reasons procedural safeguards of the People]). In sum, without the hearing, neither the Appellate Division nor this court can know or decide what evidence may have been available for the suppression hearing yet withheld as unnecessary at trial (People v Millan, 69 NY2d 514, 518, supra; People v James, 67 NY2d 662, 664; People v Gonzalez, 55 NY2d 720, 721-722, cert denied 456 US 1010).
Accordingly, the order of the Appellate Division should be reversed, the judgment of conviction reinstated and the case remitted to the Appellate Division to remit to Supreme Court for a hearing on defendant’s motion to suppress.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, judgment reinstated, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.