OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the judgment reinstated, and the case remitted to the Appellate Division to remit to County Court for a hearing on defendant’s CPL article 440 motion.
On a prior appeal, we reversed the Appellate Division’s order granting, without benefit of a hearing, defendant’s motion to set aside the verdict on the ground that he had received ineffective assistance of counsel. We concluded that counsel’s representation of defendant pursuant to a contingent fee arrangement did not, without more, constitute per se ineffective assistance of counsel requiring a reversal and a new trial (see, People v Winkler, 71 NY2d 592). We reasoned that, as with other claims of ineffective assistance of counsel, a conviction may be set aside only if a defendant demonstrates that the contingency fee agreement "affected the manner in which his attorney conducted the defense prejudicially to the defendant” (People v Winkler, supra, at 597).
On remand, the Appellate Division, without remitting for a *706 hearing, ordered a new trial holding that defendant was deprived of effective assistance of counsel because the fee arrangement had had a prejudicial impact on counsel’s representation (see, 144 AD2d 404, 405). There is no concession by the People nor is there "unquestionable documentary proof’ conclusively establishing (CPL 440.30 [3] [c]) that trial counsel’s decisions were affected by the contingent fee arrangement. Under these circumstances, the Appellate Division should not have granted defendant’s motion without remitting for a hearing.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, judgment reinstated and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.