■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CORDOVA, Appellant.—Judgment, Supreme Court,

Bronx County (Richard Lee Price, J.), rendered April 17, 1989, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [3]), and sentencing him to an indeterminate term of imprisonment of from four to twelve years, unanimously affirmed.

By indictment filed April 3, 1987, defendant was charged with acting in concert with one Maruja Rosario* to commit the crimes of robbery in the first and second degrees, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree. The charges stemmed from a March 3, 1987 incident, in which Rosario lured complainant Andres Martinez to a fifth floor apartment at 281 St. Ann's Avenue, to "Party". Instead, complainant was robbed at knifepoint by defendant, who accosted him in the hallway just outside of the apartment. After taking his money, defendant demanded that complainant remove his shoes and socks. Complainant did so and then, fearing for his life, bolted and ran screaming down the stairs and into the street, where he flagged down a marked patrol car and reported the robbery to Officers William Lappe and Edward Evans.

Accompanied by the two officers, complainant returned to the building just as Maruja Rosario was about to exit, and identified her as the woman who "set him up". Complainant and the police then escorted Rosario back to the fifth floor apartment, where defendant was identified and arrested.

On appeal, defendant argues, *inter alia*, that the trial court erred in not interpreting defense counsel's motion for a trial order of dismissal as a motion to re-open the suppression hearing. This claim has as its basis a purported conflict between the trial and the suppression hearing evidence with respect to whether the police entered the apartment with Rosario's consent. This claim is without merit.

Our examination of this record yields no serious challenge to Officer Lappe's suppression hearing testimony that he received Rosario's consent to enter the apartment, the door of which was ajar and had no lock. Moreover, as defendant concedes, the question of consent was not in issue at trial *(see, People v Hamlin,* 71 NY2d 750, 761) and was, indeed, extraneous to the trial, since the purposes of the suppression hearing and trial were different. *(See, People v Giles,* 73 NY2d 666, 672.)* Further, defendant never requested a re-opening of the suppression hearing on the basis of the trial evidence, and we

---

* A bench warrant for this co-defendant was issued on April 5, 1990 and, as of the filing of respondent's brief, she had not yet been returned to court.

decline to hold that it was error for the trial court not to have interpreted his motion for a trial order of dismissal to be one seeking such relief.

In light of our rejection of defendant's claim that the trial testimony seriously undermined the suppression testimony on the issue of consent, we further conclude that there is no merit to defendant's alternate claim of ineffective assistance of counsel, which is predicated upon counsel's failure to move to re-open the suppression hearing. Under the standards enunciated in *People v Baldi* (54 NY2d 137, 147), we find that defendant was accorded meaningful representation at all stages of his trial.

Defendant's remaining arguments have not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Sampson,* 157 AD2d 507) and we decline to reach them in the interest of justice. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.