■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WINKLER, Appellant.

The primary issue presented on these appeals is whether the defendant was deprived of effective assistance of counsel by virtue of a contingency fee arrangement between the defendant and his attorney. As the Court of Appeals held in *People v Winkler* (71 NY2d 592, 596), "fees contingent upon achieving a specific result in a criminal case are wrong * * * [yet] such agreements do not collaterally constitute a per se violation of a criminal defendant's constitutional right to effective assistance of counsel". The defendant bears the burden of demonstrating the alleged ineffectiveness by showing that the contingent fee agreement existed and that "it affected the manner in which his attorney conducted the defense prejudicially to the defendant" *(People v Winkler, supra,* 71 NY2d, at 597; *see also, People v Winkler,* 74 NY2d 704, 706). The hearing court correctly held that the defendant failed to meet his burden.

The evidence adduced at the hearing on the defendant's motion pursuant to CPL 440.10 demonstrated that the defendant was adamant about his innocence of the murder charge and that he was opposed to pleading guilty or having lesser included offenses submitted to the jury. His attorney discussed these matters with him, but the defendant did not want anything less than a complete acquittal. Thus, the hearing record demonstrated that the attorney's subsequent failure to pursue these possibilities was dictated by the defendant.

A defendant unquestionably has the right to chart his own

defense *(see, People v DeGina,* 72 NY2d 768, 776). By acting in accordance with the defendant's instructions and not pursuing avenues which could have undermined or removed the defendant's chance of a complete acquittal *(see, e.g., People v Harris,* 109 AD2d 351, 362; *People v DeGina, supra,* at 776), the defense counsel was not ineffective. Pursuing losing tactics is not to be confused with true ineffectiveness of counsel *(see, People v Lane,* 60 NY2d 748, 750; *People v Baldi,* 54 NY2d 137, 146).

The defendant's assertion that the fee arrangement prevented his trial counsel from looking further into his psychiatric history and drug problem is unfounded in the record. In any event, the exploration of those matters would have been contrary to the defendant's strategy. While the defendant asserts that the hearing court should have discounted the trial counsel's testimony because he may have been motivated to lie to ameliorate his breach of his duty to represent his client, great weight must be accorded to the determination of the hearing court with its particular advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761). Furthermore, given that trial counsel's testimony was corroborated in many respects and was virtually uncontroverted, we cannot say that the hearing court gave improper weight to it.

We have reviewed the defendant's remaining claims of ineffective assistance of counsel and find them to be contrary to the record or without merit.

We are satisfied that the sentencing court carefully considered and balanced the various factors that go into any sentencing decision *(see, People v Suitte,* 90 AD2d 80), and find that the sentence was not excessive. Thompson, J. P., Kunzeman, Sullivan and Lawrence, JJ., concur.