■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAYE SINGLETON, Appellant. [655 NYS2d 503] —Judgment,

Supreme Court, New York County (Carol Berkman, J., at hearing; Charles Tejada, J., at trial and sentence), rendered January 19, 1994, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing her to concurrent terms of $4^{1}/_{2}$ to 9 years and 3 to 6 years, respectively, unanimously affirmed.

Suppression of the statements made by defendant to investigating police officers and of physical evidence recovered immediately thereafter was properly denied. Defendant failed to establish standing to contest the officers' warrantless entry into the apartment, an issue that was sufficiently contested by the People (*People v Whitfield*, 81 NY2d 904, 906). Indeed, evidence adduced by the People at the hearing showing that defendant lived at a different location was not challenged. Therefore, defendant failed to demonstrate a legitimate expectation of privacy in the premises where she was first questioned by police (*People v Ortiz*, 83 NY2d 840, 842). Defendant's failure to move to reopen the suppression hearing precludes reference to evidence presented at trial (*People v Giles*, 73 NY2d 666).

The record supports the hearing court's finding that the defendant was not in custody when she made her statements to the investigating officers and led them across the street to another apartment to recover some of the property belonging to the victim (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).

Defendant's claims of alleged misconduct by the prosecutor are unpreserved (*People v Fleming*, 70 NY2d 947) and we decline to review them in the interest of justice. Were we to review them, we would find that they do not warrant reversal. Concur—Rosenberger, J. P., Rubin, Williams and Andrias, JJ.