■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN FOUNTAINE, Appellant. [703 NYS2d 617] —Judgment unanimously affirmed. Memorandum: Supreme Court summarily denied that part of the suppression motion of defendant alleging that his statement to the police was the product of an illegal arrest (*see, Dunaway v New York*, 442 US 200). The court determined that defendant failed to set forth sufficient factual allegations in the motion papers to warrant a hearing on that issue (*see,* CPL 710.60 [3] [b]; *People v Mendoza,* 82 NY2d 415, 422; *People v Brunson,* 226 AD2d 1093, 1094, *lv dismissed* 88 NY2d 981). Following a *Huntley* hearing, the court denied that part of defendant's suppression motion alleging that the statement was involuntarily made (*see,* CPL 60.45). On appeal, defendant does not contend that the court's summary denial was improper. Rather, defendant contends that the record developed at the *Huntley* hearing conducted subsequent to that summary denial establishes that his statement was the product of an illegal arrest. We reject that contention. Because of the court's summary denial of that part of the motion, the legality of the arrest was not contested at the *Huntley* hearing. "It was this ruling by the hearing court and not a failure of proof by the People that resulted in evidence of the legality of the [arrest] remaining undeveloped" (*People v Giles,* 73 NY2d 666, 671; *see, People v Havelka,* 45 NY2d 636, 642-643), and this Court may not rely upon the record of the *Huntley* hearing to decide the merits of the unlitigated ground for suppression raised in defendant's motion (*see, People v Giles, supra,* at 670-671). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Burglary, 1st Degree.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.