■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON JONES, Appellant. [738 NYS2d 790] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered March 11, 1999, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16), arising out of the sale of cocaine to an undercover police officer on two separate occasions. Over objection of defense counsel, who tried this case in defendant's absence, Supreme Court admitted an inculpatory statement made by defendant to codefendant immediately after they were arrested. Contrary to defendant's contention, the People were not required to provide a CPL 710.30 notice with respect to that statement because it was not made to the police or an agent of the police (*see, People v Rivera,* 173 AD2d 360, *lv denied* 78 NY2d 1129; *People v Stewart,* 160 AD2d 966).

Defendant further contends that the court erred in admitting in evidence a photograph identified by a police officer as depicting defendant. Defendant contends that the information printed on the photograph, i.e., his name, address and date of birth, bolstered the officer's identification of defendant (*see generally, People v Trowbridge,* 305 NY 471, 475-477). Assuming, arguendo, that the court erred in admitting the photograph, we conclude that the error is harmless (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Alshoaibi,* 273 AD2d 871, 872, *lv denied* 95 NY2d 960). Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.