■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RILEY, Appellant. [926 NYS2d 40]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered December 10, 2009, convicting defendant, after a jury trial, of grand larceny in the second degree, criminal possession of stolen property (CPSP) in the second degree, burglary in the third degree, and six counts of possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of $4^{1}/_{2}$ to 9 years, unanimously modified, on the facts, to the extent of reducing the convictions of grand larceny in the second degree and criminal possession of stolen property in the second degree to petit larceny and criminal possession of stolen property in the fifth degree, respectively, and imposing a sentence of time served on each of the reduced convictions, and otherwise affirmed.

The bulk of the stolen property that is the subject of the second-degree grand larceny and second-degree CPSP counts consists of approximately 2,500 linear feet of copper piping that was ripped from behind the walls of four connected buildings. The elements of each of these crimes include proof that the value of the stolen property exceeds $50,000 (*see* Penal Law §§ 155.40, 165.52). Upon a review of the evidence in light of the elements of these two crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]) we find that the verdict was against the weight of the evidence due to a failure of proof of the value of the stolen property (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Pursuant to Penal Law § 155.20 (1), the People introduced evidence of "the cost of replacement of the property within a reasonable time after the crime" as proof of the value of the copper piping. The People's only evidence of value included labor costs associated with installing new piping in the buildings. Defendant argues that the People have not established the element of value because such labor costs cannot be included as part of the cost of replacement. No New York case addresses this point. However, we are persuaded by the opinions of appellate courts of other jurisdictions that defendant is correct.

In interpreting Texas Penal Code Annotated § 31.08 (a) (2), an analog of Penal Law § 155.20 (1), the Texas Court of Appeals found that the value of a compact disc player stolen from an automobile "is not the same as the cost of replacing it where the replacement cost includes installation" (*Drost v State*, 47 SW3d 41, 46 [Tex Ct App 2001]). In *Spencer v State* (217 So 2d 331 [Fla Dist Ct App 1968], *cert denied* 225 So 2d 528 [Fla 1969]), a case involving electrical wire severed from a power pole, the Court of Appeal of Florida aptly observed: "The thing stolen was not the installed wire, but was the wire after it had

been severed and dropped to the ground. The wire after severance is what must be shown to have had a value of $100.00 or more, if its taking is to constitute grand larceny. It is our conclusion that the cost of the wire in place is not the criterion of value authorized by the statute" (*id.* at 332; *see also Chase v State*, 46 Ark App 261, 263, 879 SW2d 455, 456-457 [1994]). Inasmuch as its value was not otherwise established, the value of the property stolen by defendant must be deemed to be less than $250 (*see* Penal Law § 155.20 [4]). We therefore reduce the grand larceny and CPSP convictions as set forth above.

We also find that the court properly declined to impose any sanction for noncompliance with the procedures for disposal of stolen property set forth in Penal Law § 450.10. The return of the property to its rightful owners was neither intentional nor in bad faith, and it did not cause defendant any prejudice (*see People v Graham*, 186 AD2d 47 [1992], *lv denied* 80 NY2d 975 [1992]).

We have considered defendant's remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.