[973 NE2d 1280, 950 NYS2d 506]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent,
v LOUIS RILEY, Respondent-Appellant.

Argued May 31, 2012; decided June 28, 2012

## APPEARANCES OF COUNSEL

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Andrew E. Seewald* and *David M. Cohn* of counsel), for appellant-respondent.

*Center for Appellate Litigation*, New York City (*Bruce D. Austern* and *Robert S. Dean* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MEMORANDUM.

On defendant Louis Riley's appeal, the order, insofar as appealed from, should be affirmed. The People's appeal should be dismissed upon the ground that the modification by the Appellate Division was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to . . . modification" (CPL 450.90 [2] [a]).

A few months before trial, the copper pipes defendant was accused of stealing were returned to their rightful owner without the notice to defendant required by Penal Law § 450.10. Defendant argues that the defense team was prejudiced as a result

because deprived of an opportunity to examine the pipes and independently assess their value; he seeks reversal and a new trial on account of the trial court's denial of his request for an adverse inference instruction as a sanction for the unnoticed return of the stolen pipes.

■ But a sanction for the return of stolen property without the requisite notice is required only when the district attorney does not demonstrate an absence of prejudice (*see* Penal Law § 450.10 [10]). Further, "the choice of 'appropriate' action is committed to the sound discretion of the trial court" (*People v Kelly*, 62 NY2d 516, 521 [1984]). Here, the People advised defense counsel to arrange a mutually convenient time to examine the copper pipes about six weeks before they were returned, and defense counsel did not follow up; the police retained a representative sample, which was admitted into evidence without objection; and defense counsel was provided with nearly 200 photographs of the copper pipes and the buildings. As a result, the trial court did not abuse its discretion by determining that defendant did not suffer prejudice and declining to impose a sanction.

■ Regarding the People's appeal, the dissent concludes that we may "review[ ] a legal issue, with respect to a ruling or instruction of a criminal court during a trial or proceeding where, as here, the question was reached by the Appellate Division in the exercise of its discretionary power to reach an unpreserved legal issue" (dissenting op at 948). This notion is, to say the least, novel as it is flies in the face of the Criminal Procedure Law and thus four decades' worth of our precedent (*see e.g. People v Albro*, 52 NY2d 619, 623 n [1981] [noting that a recent amendment to CPL 450.90 (2) (a), while providing more flexibility in some respects, "does not operate to provide an appeal where the reversal or modification was at least partially based upon discretion exercised in the interests of justice"]; *People v Baumann & Sons Buses, Inc.*, 6 NY3d 404, 407 [2006] ["As the intermediate appellate court reversed the conviction on the basis of an unpreserved error, and therefore as a matter of discretion in the interest of justice, its order is not appealable to this Court"]).

Just two years ago, in *People v Caban* (14 NY3d 369 [2010]), we recognized that "under our precedents, an Appellate Division reversal that is based on an unpreserved error is considered an exercise of the Appellate Division's interest of justice power, not reviewable in our Court"; therefore, "if defendant [Caban]

failed to preserve the alleged error, she would benefit from her mistake, for *we would be required to dismiss the People's appeal*" (*id.* at 373 [emphasis added]). This is, of course, precisely the situation we find ourselves in here, where—unlike *Caban*—we all agree that the alleged error was, in fact, unpreserved.

PIGOTT, J. (dissenting in part). The issue that the majority believes it cannot address is a legal, rather than a factual, one; that much is certain. And it is an open question that deserves our attention. The Appellate Division, finding no New York case on point, was forced to seek persuasive authority from intermediate courts in Texas and Florida. Yet the majority dismisses the People's appeal, because the issue was not preserved in the trial court, so that the precedent in New York remains the one that the First Department chose from out-of-state sources.

As a preliminary matter, the Court of Appeals "is not bound by the Appellate Division's characterization of [an] order, and must '*determine for itself*' whether a reviewable legal question exists" (*People v D'Alessandro*, 13 NY3d 216, 219 [2009], quoting *People v Giles*, 73 NY2d 666, 670 [1989]). Here, although the Appellate Division stated that it was modifying Supreme Court's judgment "on the facts" (85 AD3d 431, 432 [2011]), its rationale is entirely legal. The Appellate Division seems to have thought it was engaged in weight of the evidence review (*see id.*); but it did not "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Rather, its decision turned on a purely legal issue—whether labor costs can be included as part of "the cost of replacement" contemplated by Penal Law § 155.20 (1). Because the issue was not preserved, the Appellate Division could have reached the issue only "[a]s a matter of discretion in the interest of justice" (CPL 470.15 [3] [c]; *see* CPL 470.15 [6] [a]).

The majority believes that under the current statutory scheme, the lack of preservation means that the legal issue that the Appellate Division decided is not a question that we can reach. This odd circumstance results from a restrictive reading of "question of law" in CPL 470.05. That statute provides that

"[f]or purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court

during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same" (CPL 470.05 [2]).

The majority infers, so the argument goes, that the unpreserved issue in this case is beyond our review because other statutes require that, upon an appeal to the Court of Appeals from an order of an intermediate appellate court reversing or modifying a criminal court's decision, we may consider and determine only "question[s] of law" (with certain further provisos not pertinent here) (CPL 470.35 [2] [a], [b]; *see also* CPL 450.90 [2] [a]) and questions concerning the legality of the intermediate court's corrective action (*see* CPL 470.35 [2] [c]; *see also* CPL 450.90 [2] [b]). I disagree with this inference.

In my view, when the Legislature wrote the provision stating that a "question of law . . . is presented" to an appellate court upon preservation in the trial court (CPL 470.05 [2]), it intended to ensure that an appellate court would have no obligation to pass on an unpreserved non-fundamental issue pertaining to a criminal conviction,* but that the Appellate Division could do so as a matter of discretion (CPL 470.15 [6] [a]). We have for many years interpreted CPL 470.05 (2) to require that a question must have been preserved in the trial court before we may reach it (*see e.g. People v Robinson*, 36 NY2d 224, 228 [1975]; *People v Michael*, 48 NY2d 1, 5-6 [1979]; *People v Cona*, 49 NY2d 26, 33 [1979]; *People v Albro*, 52 NY2d 619, 623 n [1981]; *People v Dercole*, 52 NY2d 956, 957 [1981]). As the majority notes, this interpretation arises from "our precedents" (majority mem at 946, quoting *People v Caban*, 14 NY3d 369, 373 [2010]). There is nothing in CPL 470.05 that prohibits this Court from reviewing a legal issue, with respect to a ruling or instruction of a criminal court during a trial or proceeding where, as here, the question was reached by the Appellate Division in the exercise of its discretionary power to reach an unpreserved legal issue. The fact that the nisi prius court did not rule on an important question of law does not, in my view, give the Appellate Division license to decide the issue of law without fear of review, as the

---

* There are well-known exceptions when the alleged error is so fundamental that it affects "the organization of the court or the mode of proceedings prescribed by law" (*People v Patterson*, 39 NY2d 288, 295 [1976]; *see also People v Agramonte*, 87 NY2d 765, 769-770 [1996]), or concerns the lawfulness of a sentence (*People v Samms*, 95 NY2d 52, 55-57 [2000]).

Appellate Division has done here. Indeed, I doubt very much that the Appellate Division would generally seek such authority, being far more comfortable knowing that this Court will be the final arbiter. I cannot accept that the Legislature intended to bring about the unfortunate procedural circumstance in which the Appellate Division decides a legal issue for the State, yet we are powerless to reach it.

As for the disposition of defendant's appeal, I agree with the majority's analysis, but, as I have explained, I cannot agree with its dismissal of the People's appeal. Consequently, I dissent.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and JONES concur in memorandum; Judge PIGOTT dissents in part in an opinion in which Judge SMITH concurs.

On defendant's appeal, order, insofar as appealed from, affirmed, and People's appeal dismissed, etc.