# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**863**
**KA 10-01429**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEITH BRYANT, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Robert B. Wiggins, A.J.), rendered May 3, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, petit larceny and criminal mischief in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the third degree (Penal Law § 140.20). Contrary to defendant's contention, the verdict is not against the weight of the evidence. An eyewitness testified that he observed a man fitting defendant's general description leave a children's clothing store after 9:00 p.m. through the broken front door, carrying several coats. Shortly thereafter, the police received a tip from an identified informant that a man was selling children's coats at a "drug house" approximately one block from the store and, when the police arrived at that location, they found defendant in a room with several children's coats with tags from the store. The store owner testified that she asked the police if she could speak to the suspect seated in the patrol car and, when she did so, the person apologized to her. Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, County Court properly refused to suppress the statement defendant made to the owner of the store based on the People's failure to provide a CPL 710.30 notice

with respect to that statement.  The store owner was not acting as an agent of the police and therefore no notice pursuant to CPL 710.30 was required (*see People v Jones*, 292 AD2d 792, 792, *lv denied* 98 NY2d 652; *see generally People v Ray*, 65 NY2d 282, 286).  The court also properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 on the ground that the court erred in admitting that statement.  "It is well settled that '[t]he basis for vacating a jury verdict prior to sentencing is strictly circumscribed by CPL 330.30 to allow vacatur only if reversal would have been mandated on appeal as a matter of law' " (*People v Shelton*, 111 AD3d 1334, 1334, *lv denied* 23 NY3d 1025), and that is not the case here.

Although the People correctly concede that the police were required to retain the stolen coats until they had given notice to defendant that the coats were being returned to the store owner and had afforded him an opportunity to examine, test or photograph them (*see* Penal Law § 450.10 [1], [2]), we reject defendant's contention that the court abused its discretion in refusing to dismiss the indictment or preclude any evidence regarding the coats.  It is well established that the determination of a sanction for a violation of section 450.10 is left to the sound discretion of the court (*see People v Riley*, 19 NY3d 944, 946, *adhered to on rearg* 20 NY3d 980; *People v Kelly*, 62 NY2d 516, 520-521), and that those sanctions are not to be used "if less severe measures can rectify the harm done" by the failure of the police to retain the evidence (*Kelly*, 62 NY2d at 521; *see People v Jenkins*, 98 NY2d 280, 284).  Inasmuch as the court determined that there was no bad faith on the part of the police in returning the coats to the store owner and defense counsel argued that there was no forensic evidence connecting defendant to the crime, the court's determination to instruct the jury to infer that there was no fingerprint or DNA evidence on the coats or the hangers was appropriate (*see People v Perkins*, 56 AD3d 944, 945-946, *lv denied* 12 NY3d 786; *see generally People v McCall*, 289 AD2d 1074, 1074, *lv denied* 97 NY2d 757).  Defendant's contention that there may have been evidence that exonerated him is entirely speculative.  The store owner testified that she did not observe any blood on the coats, and an evidence technician testified that fingerprints could not be obtained from fabric and that it was unlikely that a clear print could be obtained from the hangers based upon their shape and the number of people who would have handled them.

Even assuming, arguendo, that the court erred in admitting in evidence a security video of poor quality that depicted a man walking near the store, we conclude that any error is harmless.  The evidence of defendant's guilt is overwhelming, and there is no reasonable probability that defendant would have been acquitted if that evidence was not admitted (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  Defendant failed to preserve for our review his contention that the court erred in permitting a police investigator to testify with respect to the contents of the video (*see* CPL 470.05 [2]), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, as defendant correctly concedes, reversal of the

judgment in appeal No. 2, convicting him upon his plea of guilty of
grand larceny in the fourth degree (Penal Law § 155.30 [1]), is
warranted only in the event that the judgment in appeal No. 1 is
reversed (*see People v Monroe*, 39 AD3d 1276, 1277, *lv denied* 9 NY3d
867; *see generally People v Pichardo*, 1 NY3d 126, 129), and here we
are affirming the judgment in appeal No. 1.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court