People v Whatts (2026 NY Slip Op 01925)

People v Whatts

2026 NY Slip Op 01925

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 1986/19|Appeal No. 5926|Case No. 2023-00703|

[*1]The People of the State of New York, Respondent,
vSamuel Whatts, Defendant-Appellant.

Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Mark Dwyer, J. on omnibus motion; Michele S. Rodney, J. at suppression hearing, trial, and sentencing), rendered February 3, 2023, convicting defendant, after a jury trial, of two counts of murder in the second degree, two counts of burglary in the first degree, two counts of robbery in the first degree, one count of burglary in the second degree, and two counts of robbery in the second degree, and sentencing him to an aggregate term of 23 years to life, held in abeyance and the matter remanded to Supreme Court for further proceedings in accordance with this decision.
This case stems from a November 27, 2016 burglary-robbery during which defendant and his cohort allegedly caused the victim's death. On appeal, defendant raises several issues, including a Mapp issue. The Mapp issue concerns whether property recovered from defendant by the police on the day of his arrest was the product of an illegal search and seizure in violation of the Fourth Amendment. Specifically, defendant argues that the hearing court erred in denying the Mapp issue on its merits when no Mapp hearing had been granted by the motion court, and thus the Mapp issue was not fully litigated at the hearing, which addressed other suppression issues. We agree with defendant for the reasons explained below and remand for a Mapp hearing. We hold this appeal in abeyance pending that hearing.
Defendant's omnibus motion, dated September 9, 2019, requested Payton, Huntley, Dunaway, Wade and Mapp hearings. As to Mapp, defendant argued that a wallet, two cell phones, and other personal property were taken from him unlawfully when he was placed under arrest without probable cause. Defendant further argued that the officer who searched him and seized the property was not acting on information from a reliable informant, had not seen defendant commit a crime, did not possess a warrant, and did not have defendant's consent to the search. Defendant averred that he was sitting quietly in his home when police arrived almost three years after the alleged crime was committed, and that it was clear he had not committed any of the alleged crimes on November 27, 2016 and had none of the victim's property.
On September 27, 2019, in a written decision, the motion court granted defendant's motion for Payton, Huntley and Dunaway hearings and denied a Wade hearing, but did not mention defendant's request for a Mapp hearing.
The combined hearing took place on November 14, 2022. During the hearing, the arresting detective testified that the property in question ended up in his possession because defendant's mother voluntarily handed it to him. This evidence would have been relevant in a Mapp hearing. At the time of the search, defendant was in handcuffs. When defense counsel attempted to cross-examine the officer, explaining that the proposed question went to Mapp, the court sustained the prosecutor's objection that "[t]here was no Mapp." However, the question proceeded when counsel corrected himself, stating that the inquiry went to the Payton portion of the hearing.
At the hearing, defendant's mother, who lived and was present in the apartment when defendant was arrested, testified on defendant's behalf and contradicted the detective's assertion. The mother testified that she did not provide the property in question to the police and that defendant did not take the property himself because he was handcuffed. At the end of the hearing, counsel argued, among other things, that the police took defendant's phones, keys, and wallet, unlawfully, and that the detective's testimony that defendant's mother handed the items to him was illogical and untrue, because defendant was not able to use his hands.
The next day, the hearing court issued its ruling finding the detective's testimony credible. The court further found, "[w]ith respect to the argument about the recovery of the defendant's property in the apartment, no hearings as to that issue were ordered." Counsel objected to the court's ruling, arguing that although a Mapp hearing was not ordered, defendant's property was taken from his home without a warrant. Counsel asked the court to grant a Mapp hearing, noting his initial belief that one had not been originally requested in the omnibus motion, and because the evidence at the hearing was different from the discovery that was provided to defendant. He further noted that he had in fact moved for a Mapp hearing.
In response, the People maintained that the omnibus motion had not stated how the property came into police possession, and that the record was more developed only through witness testimony at the hearing. The People further argued that counsel could have spoken to his client to make factual representations about the legality or illegality of police conduct, and that a more developed record after a hearing was not a basis to grant a Mapp hearing.
The hearing court addressed defendant's request for a Mapp hearing by explaining that it reviewed the file, saw that defendant moved for a Mapp hearing, but not with any level of specificity, and was unclear as to why the motion court had not referenced the request in its decision. However, the hearing court addressed the substance of the Mapp issue because there was no indication why the motion court had not ruled on the Mapp request. Based on the testimony that had been elicited at the hearing, the hearing court found that defendant's mother testified that she had not seen what happened to the property, only that she believed the police took it. The court credited the detective's testimony that defendant's mother had helped pick up the items and put them in defendant's pockets.
On appeal, the People make two arguments for affirming the hearing court's denial of defendant's Mapp motion. First, the People argue that the motion court's failure to rule on the Mapp request was tantamount to a summary denial of defendant's motion. The People assert this was proper because "'the face of defendant's motion' did not 'lay out a factual scenario' which, 'if credited,' would warrant [] suppression,'" quoting People v Mendoza, 82 NY2d 415 [1993]). Contrary to the People's speculation, the hearing court clarified that, "there was no indication why [the motion court] had not ruled on the Mapp request." The motion court's record was completely silent as to Mapp, leading the hearing court to address the substance of the Mapp motion and deny it.
Because the motion court made no ruling that the allegations in the omnibus motion were insufficient to grant a Mapp hearing, it did not rule adversely against defendant on this point. Thus, this Court lacks jurisdiction to affirm the denial of defendant's Mapp motion on this procedural ground (see People v LaFontaine, 92 NY2d 470, 474 [1998] [The Court of Appeals found that the appellate court had violated CPL 470.15(1) because it had determined an issue that had not involved an error that "adversely affected the appellant" before the motion court]; People v Gonzalez, 238 AD3d 519 [1st Dept 2025]).
Second, on the substance of the motion, the People argue that the hearing court's ruling on the Mapp issue was proper because the "court had sufficient facts available after the suppression hearing that the phone [and the other property] should not be suppressed." The problem with this argument is that because the motion court never ruled on the Mapp portion of the omnibus motion, the merits of the Mapp issue were not addressed at the suppression hearing, which addressed only Payton, Huntley, and Dunaway grounds for suppression, notwithstanding that evidence relevant to Mapp was elicited on the Payton issue. Neither this Court nor the hearing court may rely on the record of the suppression hearing to decide the merits of an issue that was not litigated at the suppression hearing (see People v Giles, 73 NY2d 666, 671 [1989] [the People are entitled to an evidentiary suppression hearing when a court makes an error of law which functionally deprives the People of their one opportunity to put in their case on the dispositive issue involved at a suppression hearing]; cf. People v Havelka, 45 NY2d 636, 642-643 [1978] [it was improper to remit a case for rehearing where the People were not deprived of a full opportunity to present evidence of the dispositive issues involved at the initial suppression hearing as there is no justification to afford the People a second chance to succeed where once they had tried and failed]). For the foregoing reasons, we remand the matter to Supreme Court for a Mapp hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026